# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ARASH EIDI,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, Acting Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; JEREMY CASEY, Warden at Imperial Regional Detention Center,

Respondents.

No. 3:26-cv-02662-BTM-DDL

**ORDER GRANTING AMENDED HABEAS PETITION**

Pending before the Court is Petitioner Arash Eidi's amended petition for a writ of habeas corpus.  For the reasons stated below, the petition is granted.

### A.    Background

Petitioner, a native of Iran, arrived in the United States in January 2025.  Petitioner was immediately detained and has been detained since his arrival.  Petitioner was ordered removed to Iran on November 13, 2025.  Petitioner claims that his removal is not reasonably foreseeable.  Petitioner also contends that if a third country accepts him, he will not receive adequate notice and process to challenge his removal to that country.  The Government concedes Petitioner is entitled to be released.

### B.    Discussion

In *Zadvydas*, the Court determined that federal courts have the power to review whether a noncitizen's detention is unlawful under 8 U.S.C. § 1231(a)(6).  *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).  This Court thus has jurisdiction to determine the lawfulness of Petitioner's detention.  *Id.*

Petitioner's detention is limited "to a period reasonably necessary to bring about [his] removal from the United States."  *See Zadvydas*, 533 U.S. at 689.  Petitioner has shown that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and there is no evidence to the contrary. *Id.* at 701.  The Government is seeking to remove Petitioner to Iran, but his removal to Iran is not likely.  *See, e.g.*, *Minassi v. Noem*, No. 26-cv-00723-RGK-AYP, 2026 U.S. Dist. LEXIS 75389 (C.D. Cal. Apr. 1, 2026) (discussing how removals to Iran are historically difficult and even more so with the current conflict).  Counsel for the Respondents offered no evidence that Petitioner was likely to be removed in the foreseeable future and acquiesced in his release subject to conditions of supervision.  The Respondents did not allege that Petitioner is a danger or risk of flight.  Petitioner is entitled to be released under conditions of supervision.

Last, the Court rules that Petitioner may not be removed to a third country without adequate notice and a meaningful opportunity to be heard.  *See, e.g.*, *Trump v. J.G.G.*,

604 U.S. 670, 673 (2025) (per curiam) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (quotation marks and citation omitted)); *Andriasian v. INS*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *Azzo v. Noem*, No. 25-cv-03122-RBM-BJW, 2025 U.S. Dist. LEXIS 256030, *22 (S.D. Cal. Dec. 10, 2025) (ruling that the respondents "must provide Petitioner with adequate notice and an opportunity to be heard before removing him to a third country").

The Court adopts the following requirements.  Petitioner and his counsel must receive written notice of the country of removal at least ten days before Petitioner is removed to a third country.  Petitioner must be given a minimum of ten days before being removed to raise a claim against removal to the third country.  If he succeeds on his claim, Petitioner's immigration proceedings must be reopened.  If he does not succeed on his claim, Petitioner must receive a minimum of fourteen days before removal to seek reopening of his immigration proceedings.

//
//
//
//
//
//
//
//
//
//
//
//

**C.    Conclusion**

For the reasons stated, the amended petition for a writ of habeas corpus is granted. Respondents are ordered to immediately release Petitioner from custody under conditions of supervision.  The Government is precluded from removing Petitioner to a third country without complying with the requirements set forth above.  The Government must file a status report confirming compliance with this order no later than May 19, 2026.

**IT IS SO ORDERED.**

Dated:  May 18, 2026

_____
Honorable Barry Ted Moskowitz
United States District Judge

4